**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Ronald B. Joseph, M.D. and Krista Joseph, | ) ) ) | No. CV-09-1036-PHX-DGC |
| Plaintiffs, | ) ) | **ORDER** |
| vs. | ) ) ) | |
| Metropolitan Life Insurance Company, et al., | ) ) ) | |
| Defendant. | ) ) | |

On May 14, 2009, Defendants filed a notice of removal alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Dkt. #1. While Defendants noted that both Plaintiffs and Defendant Thomas Beal are residents of Arizona, Defendants asserted that Beal was fraudulently joined and, therefore, his citizenship should not affect this Court's subject matter jurisdiction. *Id.* at 4. On June 15, 2009, Plaintiffs filed a motion to remand the case to state court. The motion is fully briefed. For the reasons that follow, the Court will grant the motion to remand.

**I.     Removal Principles.**

In an action not involving a federal question, removal is proper "only if none of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added); *see* 28 U.S.C. § 1332(a)(1). In an action removed on the basis of diversity jurisdiction, the requisite diversity must exist

at the time of removal. *See Comtec, Inc. v. Nat'l Technical Schs.*, 711 F. Supp. 522, 523 (D. Ariz. 1989) (citing *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Courts construe the removal statute against removal jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Mesa Indus., Inc. v. Eaglebrook Prods., Inc.*, 980 F. Supp. 323, 324 (D. Ariz. 1997). There is a "strong presumption" against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (emphasis added); *see Mesa Indus.*, 980 F. Supp. at 324. "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).

**II. Fraudulent Joinder.**

"'[F]raudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent.'" *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir.) (quotation omitted); *see In re Med. Lab. Mgmt. Consultants*, 931 F. Supp. 1487, 1491 (D. Ariz. 1996). In determining whether a party has been fraudulently joined, courts are not limited to a review of the pleadings, but may also consider other evidence such as declarations and affidavits. *See Ritchey*, 139 F.3d at 1318; *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (relying on plaintiff's affidavit attached to motion for remand in deciding whether defendant was fraudulently joined).

In evaluating the allegations and evidence, courts employ a presumption against finding fraudulent joinder. *See Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001); *Diaz v. Allstate Ins. Group*, 185 F.R.D. 581, 586 (C.D. Cal. 1998). This presumption often is expressed by a series of requirements placed on the party asserting fraudulent joinder. *Diaz*, 185 F.R.D. at 586. First, "defendants who assert fraudulent joinder carry a heavy burden of persuasion." *Id.* A defendant cannot merely show that joinder was

for the purpose of preventing removal because the court "need not inquire into plaintiff's motives in joining a nondiverse defendant." *Levine v. Allmerica Fin. Life Ins. & Annuity Co.*, 41 F. Supp. 2d 1077, 1078 (C.D. Cal. 1999); *see Diaz*, 185 F.R.D. at 586. Instead, the defendant "'must demonstrate that there is *no possibility that the plaintiff will be able to establish a cause of action* in state court against the alleged sham defendant.'" *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 2001) (citation omitted) (emphasis in original).

Second, "it must appear to 'a near certainty' that joinder was fraudulent." *Diaz*, 185 F.R.D. at 586 (quoting *Lewis v. Time, Inc.*, 83 F.R.D. 455, 466 (E.D. Cal. 1979), *aff'd*, 710 F.2d 549 (9th Cir. 1983)). "This occurs if the plaintiff has *no actual intention to prosecute* an action against [the] particular resident defendant[]." *Id.* (emphasis in original).

Third, "merely showing that an action is likely to be dismissed against that defendant does not demonstrate fraudulent joinder." *Id.* "'The standard is not whether plaintiff[] will actually or even probably prevail on the merits, but whether there is a possibility that [it] may do so.'" *Id.* (citation omitted).

Finally, the Court must "resolve all ambiguities in state law in favor of the plaintiff[]." *Id.* Similarly, given the presumptions against removal jurisdiction and fraudulent joinder, all disputed questions of fact and "all doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand." *Plute*, 141 F. Supp. 2d at 1008; *see Levine*, 41 F. Supp. 2d at 1078; *Charlin v. Allstate Ins. Co.*, 19 F. Supp. 2d 1137, 1140 (C.D. Cal. 1998).

**III.     Analysis.**

Defendant Beal is an Arizona resident. Whether the Court should remand this case, therefore, turns entirely on whether he was fraudulently joined. The parties disagree about whether the Court may examine the Amended Complaint to determine if joinder was fraudulent or if the Court is limited to examining Plaintiff's original Complaint. The Court need not resolve this issue because Defendants have failed to demonstrate that Defendant Beal was fraudulently joined even if only the original complaint is considered.

1   The original Complaint states that Defendant Tom Beal was an insurance agent and
2   an authorized representative of the other Defendants. Dkt. #1-1 at 4. It alleges that all acts
3   complained of in the Complaint were done by Beal in furtherance of his relationship with the
4   other Defendants or on their behalf. *Id.* at 4. According to the Complaint, Beal sold
5   Plaintiff Ronald Joseph two long-term disability insurance policies which were to provide
6   an income replacement benefit as well as a monthly business overhead expense benefit. *Id.*
7   at 6. Plaintiffs also allege that Defendants failed to pay these benefits once Plaintiff Ronald
8   Joseph became disabled in an accident. *Id.* at 7-11. Plaintiff alleges that Defendant Beal
9   breached his contract with the Plaintiffs, was negligent, and fell below the standard of care
10  for an insurance agent in the sale, maintenance, and handling of Plaintiff Ronald Joseph's
11  policies and claims. *Id.* at 12. Defendant Beal allegedly promised Plaintiff Ronald Joseph
12  that he would receive certain benefits under the policies, but these promises were not
13  honored. *Id.* Plaintiffs further allege that all Defendants breached their duties of good faith
14  and fair dealing regarding the sale, maintenance, and handling of Plaintiff Ronald Joseph's
15  policies and claims. *Id.* at 14.

16      Defendants argue that Defendant Beal was fraudulently joined because there is no
17  viable claim against him. Dkt. #26 at 3-4. Defendants first argue that Beal cannot be liable
18  for breach of contract because the two Lincoln National Insurance policies at issue were
19  contracts between Plaintiff Ronald Joseph and Lincoln National and only the principal, not
20  the agent, can be held liable on the contract. *Id.* at 5-7. Defendants also contend that
21  Defendant Beal cannot be liable for bad faith because he did not participate in the
22  investigation, evaluation, or processing of the insurance claims. *Id.* at 7-10. Defendants fail
23  to address the alleged bad faith of Defendant Beal with regard to the sale of the policies.

24      In reply, Plaintiffs focus on Defendants' second contention. Dkt. #33 at 8-9.
25  Plaintiffs cite several cases in support of an insurance agent owing a duty of good faith and
26  fair dealing to an insured. *Id.* at 8-9; *see Farr v. Transamerica Occidental Life Ins. Co. of*
27  *Cal.*, 699 P.2d 376, 386 (Ariz. Ct. App. 1984) (holding that when an insurer and its agent are
28  engaged in a joint venture, they both owe a common duty to the insured to act in good faith);

*Sparks v. Republic Nat'l Life Ins. Co.*, 647 P.2d 1127, 1138 (1982) (holding that where a joint venture exists, the agent and principal are subject to a common duty and are both liable from the entire harm resulting from the failure to perform the duty); *Banker v. Valley Forge Ins. Co.*, 585 A.2d 504, 510 (Pa. Super. Ct. 1991) (holding that insurance brokers owe a duty of good faith and fair dealing to their insureds).

Defendants have failed to meet their high burden of showing fraudulent joinder. There is a presumption against finding that the joinder was fraudulent, and Defendants have failed to show that there is no possibility that Plaintiffs can establish a cause of action against Defendant Beal in state court. *See Good*, 5 F. Supp. 2d at 807. The above cited Arizona cases demonstrate that brokers and insurers engaged in a joint venture owe a common duty of good faith and fair dealing, and at least one jurisdiction has held that insurance brokers in general owe this duty to their insureds. Defendants have not provided any Arizona case law to the contrary. In addition, Defendants do not address Plaintiffs' allegation that Defendant Beal breached his duty of good faith and fair dealing in the sale of the policies.

Defendants have also failed to show that Plaintiffs had no intention of actually prosecuting the claims against Defendant Beal. *See Diaz*, 185 F.R.D. at 586. In fact, the Amended Complaint alleges further claims against Beal and adds his wife and insurance agency as defendants. Dkt. #9.

Resolving all ambiguities in favor of Plaintiffs, Defendants have failed to demonstrate that there is no possibility that Plaintiffs will prevail on their claims against Defendant Beal. The Court will remand this case to state court.

**IV.    Attorneys' fees.**

Plaintiffs seek to recover reasonable attorneys' fees incurred in responding to Defendants' Notice of Removal. Dkt. #17 at 1-2. Given the presumptions that apply to removal generally and allegations of fraudulent joinder specifically, as well as the nature of the claims asserted against Defendant Beal, the Court concludes that Defendants acted unreasonably in asserting that Defendant Beal was fraudulently joined. The Court will grant Plaintiff's request for attorneys' fees. Defendants "had no objectively reasonable basis for

removal." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006); *see Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 445 (1992) (holding that district courts retain jurisdiction after remand to award fees and costs under § 1447(c)).

**IT IS ORDERED:**

1. Plaintiffs' motion to remand (Dkt. #17) is **granted**.
2. Plaintiffs' request for attorneys' fees (Dkt. #17) is **granted**. Plaintiffs may file a motion for attorney's fees by **September 18, 2009**. Defendants have until **October 2, 2009** to file their response, and Plaintiffs have until **October 9, 2009** to file their reply in support.
3. All hearings are vacated and all pending motions (Dkt. ## 21, 22) are **denied** as moot.
4. The clerk is directed to remand this case the Superior Court of Arizona, Maricopa County.

DATED this 31st day of August, 2009.

_____
David G. Campbell
United States District Judge