1    **WO**

2

3

4

5

6                **IN THE UNITED STATES DISTRICT COURT**

7                   **FOR THE DISTRICT OF ARIZONA**

8

9   Ronald B. Joseph, M.D. and Krista        )    No. CV-09-1036-PHX-DGC
    Joseph,                                  )
10                                           )    **ORDER**
               Plaintiffs,                   )
11                                           )
    vs.                                      )
12                                           )
                                             )
13  Metropolitan Life Insurance Company,     )
    et al.,                                  )
14                                           )
               Defendant.                    )
15  _____ )

16

17         On May 14, 2009, Defendants filed a notice of removal alleging this Court had

18  diversity jurisdiction pursuant to 28 U.S.C. § 1332. Dkt. #1. On June 15, 2009, Plaintiffs

19  filed a motion to remand. Dkt. #17. The Court granted Plaintiffs' motion to remand and

20  their request for attorneys' fees. Dkt. #44.

21         Plaintiffs then filed a motion for attorneys' fees seeking $5,250. Dkt. #45.

22  Defendants opposed the motion. Dkt. #46. Plaintiffs filed a reply (Dkt. #47), which

23  Defendants moved to strike because it introduces new evidence (Dkt. #48).

24         In their response to the motion for fees, Defendants argue that the Court should not

25  have awarded attorneys' fees to Plaintiffs in the first place. Dkt. #46. This amounts to a

26  motion for reconsideration. Such a motion will be denied "absent a showing of manifest

27  error or a showing of new facts or legal authority that could not have been brought to [the

28  Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see Carroll v.*

*Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).  Defendants have not made this showing and the Court will not reconsider its ruling that Plaintiffs are entitled to fees.

Defendants note in their response that Plaintiffs' motion fails to comply with Local Rule 54.2, which provides procedures and requirements for an attorneys' fees application. Dkt. #45.  Plaintiffs attempt to comply with Rule 54.2 in their reply memorandum, including for the first time substantial new evidence and a request for $46,695 in fees and costs, a remarkable nine-fold increase from their original request.  Dkt. #47.  The Court will not consider evidence or arguments raised for the first time in a reply brief.  *See, e.g., Yount v. Regent Univ., Inc.*, 2009 WL 995596, *8 n.5 (D. Ariz. 2009); *Gadda v. State Bar of Cal.*, 511 F.3d 933, 937 n.2 (9th Cir. 2007).

Plaintiffs' motion seeks $5,250 which, according to Plaintiffs, represent 14 attorney hours at $375 per hour.  Dkt. #45 at 5.  Plaintiffs propose that $3,000 of this amount be provided to them and $2,250 to the Maricopa County Volunteer Lawyers Program (VLP). *Id*. at 6.  Because Plaintiffs' motion does not comply with Local Rule 54.2, the Court's ability to evaluate the reasonableness of the fee request is impaired.  The Court therefore will award Plaintiffs one-half of the requested attorneys' fees – $2,625.  The Court will leave to Plaintiffs whether they wish to donate funds to VLP.

**IT IS ORDERED:**

1. Plaintiffs' motion for attorneys' fees (Dkt. #45) is **granted** in the amount of $2,625.  Defendant shall pay this amount to Plaintiffs on or before November 20, 2009.

2. Defendants' motion to strike (Dkt. #48) is **denied** as moot.

DATED this 5th day of November, 2009.

David G. Campbell
United States District Judge